COLUMBIA-BEDFORD CORPORATION, PROSECUTOR, v. CITY OF JERSEY CITY ET AL., DEFENDANTS.

Submitted October 15, 1946—Decided January 30, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the prosecutor, *Peter Bentley* and *John A. Hartpence.*

For the defendants, *Charles A. Rooney* and *John J. Meehan.*

The opinion of the court was delivered by

DONGES, J. *Certiorari* was allowed to review the action of the Division of Tax Appeals of the Department of Taxation and Finance in affirming the action of the Hudson County Board of Taxation in increasing the assessment on prosecutor's personal property lying and being in the City of Jersey City as of October 1st, 1942, for the tax year 1943.

It appears that, for the tax year 1943, Jersey City assessed the personal property of the prosecutor in the sum of $30,000; the assessment was filed with the Hudson County Board of Taxation, *R. S.* 54:4–35; the Hudson County Board of Taxation, in pursuance of *R. S.* 54:4–46 and 54:4–7, revised and equalized the list, and raised the value of prosecutor's personal property to $50,000; appeal was taken to the County Board, which appeal was dismissed; appeal was then taken to the State Board, which heard the appeal and ordered that the assessment of $50,000 be affirmed and the appeal dismissed. It is this latter action that is sought to be reviewed in this proceeding.

No testimony was presented to the County Board by prosecutor as to the value of the property in question. The attack

seems to have been as to the procedure adopted by the board. No testimony as to the value of its property was offered by prosecutor on the hearing before the State Board. The prosecutor examined the president of the County Board of Taxation and a member of said board as to how they proceeded to revise the assessment list and increase the assessment on its property. They both testified that they and other members of the board examined records and data in its possession and reached determinations as to the value of prosecutor's and other property only after careful study of such data. No other testimony was submitted and no evidence of value was offered by prosecutor. By stipulation it was agreed that the question of whether or not Commissioner Potterton was the legal assessor was not at issue and not in the case. The question, therefore, is reduced to whether the presumption that the County Board acted in good faith and on reasonable evidence in raising the assessment is dispositive of the case.

We think it is. In addition to the evidence that the County Board acted only upon information that persuaded it that the assessment should be increased, the burden is upon the taxpayer to show that the property was over valued.

In *Newton Trust Co.* v. *Atwood,* 77 *N. J. L.* 141, it was held: "In the absence of evidence to the contrary, the presumption is that the county board of taxation in revising and correcting the tax lists and duplicates, and in increasing or decreasing the assessed value of any property pursuant to section 4 of the supplement to 'An act for the assessment and collection of taxes' (*Pamph. L.* 1906, *p.* 210), acted properly and upon due proof. The burden of proving facts to decrease such assessment rests upon the taxpayer." See, also, *Jersey City* v. *Sun Holding Co.,* 134 *Id.* 119. In the latter case it is also said: "And it is the general rule that, on *certiorari,* the burden is upon the moving party to establish his cause by a preponderance of the evidence." See, also, *New Jersey Bell Telephone Co.* v. *City of Newark,* 118 *Id.* 490, and *New Jersey Bell Telephone Co.* v. *Camden,* 122 *Id.* 270.

In the instant case, the prosecutor was appellant throughout but never made offer of any proof to show that the assessment did not represent the value of the property. Not one

word of testimony on this subject was offered to the County Board, the State Board, or to this court on *certiorari*. The objection is entirely to procedure.

We conclude that the prosecutor did not carry the burden of proof and find, as a fact, that the fairness and accuracy of the assessment was not attacked by any testimony and that it does appear that it was fairly made after due examination and represents the true value of the property assessed and that the action of the State Division of Tax Appeals in affirming the action of the County Board was warranted.

The judgment is accordingly affirmed, and the writ will be dismissed, with costs.